UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JUSTYN R. GLOVER,** | : | Case No. 4:08-CV-880 (4:04-CR-558) |
| Petitioner, | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | **MEMORANDUM & ORDER** |
| Respondent. | : | |

Before the Court are the following two pending motions brought by *pro se* Petitioner Justyn R. Glover: (1) *Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody* (Doc. 29); and (2) *Motion To Receive Jail Credit Time* (Doc. 30).[1] For the reasons articulated below, Glover's § 2255 motion is **DENIED WITH PREJUDICE**, and Glover's motion to receive jail credit time is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. Glover's case, therefore, is **DISMISSED**.

## I. BACKGROUND

### A. 2003 STATE COURT CONVICTION

On June 2, 2003, Glover pled guilty to the charge of possession of cocaine in violation of Ohio Revised Code § 2925.11 in Mahoning County Court of Common Pleas Case No. 2003-CR-540.[2] On July 25, 2003, the state court sentenced Glover to a term of community control for two years. Glover then failed to report to the Adult Parole Authority under the terms of his community

---

[1] All document ("Doc.") references are to the docket in the corresponding federal criminal action, Case No. 4:04-CR-558.

[2] The dockets for Glover's state court convictions can be accessed online at http://courts.mahoningcountyoh.gov/

control sentence, and on October 22, 2003, the state court issued a bench warrant for his arrest.

**B.     2004 FEDERAL INDICTMENT**

On November 4, 2004, a federal grand jury returned a seven-count indictment against Glover.  (Doc. 1.)  The indictment charged Glover with the possession and distribution of cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1), including:  5.0 grams on July 17, 2003 (Count 1), 4.5 grams on July 23, 2003 (Count 2), 5.5 grams on July 25, 2003 (Count 3), 5.1 grams on August 5, 2003 (Count 4), 9.5 grams on August 7, 2003 (Count 5), 10.2 grams on August 12, 2003 (Count 6), and 10.6 grams on August 13, 2003 (Count 7).  (*Id.*)  The total amount of crack cocaine attributable to Glover was 50.4 grams.

On November 9, 2004, the Court ordered the federal indictment to be sealed until Glover was arrested.  (Doc. 5.)

**C.     2006 ARREST**

On April 19, 2006, Glover was arrested by Youngstown, Ohio Police Officers and the U.S. Marshal's Fugitive Task Force on the basis of the outstanding state and federal warrants.  At the time of his arrest, Glover admitted to cooking approximately 21 grams of crack cocaine just prior to the officers' arrival.

**D.     2006 STATE COURT SENTENCE**

On April 24, 2006, Glover appeared before the Mahoning County Court of Common Pleas in Case No. 2003-CR-540.  The state court found that probable cause existed for the alleged community control violation and ordered that Glover be held in the Mahoning County Justice Center without bond pending a final hearing.  On June 8, 2006, Glover voluntarily waived a final hearing and stipulated that he committed the probation violation from his 2003 state court conviction.  The state court ordered that Glover serve a prison term of 10 months in the Ohio Department of

Rehabilitation & Corrections.

Glover served his state prison sentence in the Lorain Correctional Institution (*see* Docs. 8, 9), and, according to the Presentence Investigation Report prepared by the United States Pretrial Services, he was released from state custody and placed into federal custody on February 4, 2007.

**E.     2007 FEDERAL COURT CONVICTION AND SENTENCE**

Once in federal custody, Glover waived his right to a detention hearing, and he consented to being held without bail pursuant to 18 U.S.C. §§ 3142(e) and (i). (*See* Docs. 13, 14.)[3]

On September 26, 2007, Glover, who was represented by retained counsel, pled guilty to all seven counts of the November 4, 2004 federal indictment charging him with the possession and distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). (*See* Docs. 1, 25, 32.)

On November 19, 2007, the Court sentenced Glover to a term of imprisonment for 97 months, to be followed by 4 years of supervised release. (Docs. 27, 34.)[4]

Glover did not appeal his sentence.

**F.     2008 STATE COURT SENTENCE**

On March 3, 2008, Glover pled guilty to the charge of illegal manufacture of drugs in violation of Ohio Revised Code § 2925.04 and possession of cocaine in violation of Ohio Revised Code § 2925.11 in Mahoning County Court of Common Pleas Case No. 2006-CR-500 from conduct occurring during his April 19, 2006 arrest. The state court imposed a sentence that would run

---

[3] Glover initially was produced for prosecution in this Court by a federal writ of habeas corpus *ad prosequendum* from state custody. (Docs. 8, 9.) At an arraignment on January 31, 2007 before Magistrate Judge William H. Baughman, Jr., Glover pled not guilty to Counts 1-7 of the federal indictment. (Doc. 12.)

[4] Glover was sentenced after the November 1, 2007 change in the guidelines governing sentencing in cases involving crack cocaine and, thus, received the benefit of that revision in his criminal sentence.

concurrently with the 2007 federal sentence that Glover already was serving.

## G. PENDING MOTIONS

On April 7, 2008, Glover filed the pending motions in this Court, moving to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255 (Doc. 29) and to receive credit for jail time served in state custody from April 2006 to February 2007 (Doc. 30). On May 7, 2008, the Government filed a brief in opposition addressing only Glover's motion under 28 U.S.C. § 2255. (Doc. 33.) To date, Glover has not filed a reply. As the time period for filing a reply has expired, *see* Local Rule 7.1, Glover's motions are now ripe for determination.

## II. DISCUSSION

### A. GLOVER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE UNDER 28 U.S.C. § 2255

#### 1. Standard of Review

Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A petitioner seeking relief under § 2255 must allege that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *see also Wright v. United States*, 182 F.3d 458, 463 (6th Cir. 1999) ("[The petitioner] must show a fundamental defect in his

sentencing which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."). The petitioner has the burden of sustaining his allegations by a preponderance of the evidence. *Pough*, 442 F.3d at 964; *see also McQueen v. United States*, 58 Fed. Appx. 73, 76 (6th Cir. 2003) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.") (citation omitted).

Generally, constitutional or statutory challenges cannot be made for the first time in a § 2255 motion; they must be made on direct appeal, or they are waived. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998) (noting that a federal defendant who fails to raise a particular ground for reversal on direct appeal commits procedural default as to that claim and that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"). In order to obtain review of a procedurally defaulted claim in a § 2255 motion, a petitioner must either show cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation, or that he is actually innocent. *Bousley*, 523 U.S. at 622 ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") (citation omitted). This standard "applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding." *Hicks v. United States*, 258 Fed. Appx. 850, 852 (6th Cir. 2007) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)).

### 2. Evidentiary Hearing Is Not Required

Under Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a court first must determine whether an evidentiary hearing is required after a review of the

answer and the records of the case. If the motion, the answer, and the records of the case show conclusively that a petitioner is not entitled to relief under 28 U.S.C. § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

Here, the Court finds that an evidentiary hearing is not required, as a thorough review of the record conclusively shows that Glover is not entitled to relief under § 2255.

### 3. Glover Has Failed To Demonstrate That His Conviction Was Obtained By A Guilty Plea Made Without Understanding The Nature Of The Charges And The Consequences Of His Plea

As grounds for relief, Glover first asserts that his conviction was "obtained by [a] plea of guilty which was not made with understanding of the nature of the charge and the consequence of the plea." (Doc. 29 at 5.)

Upon review, however, the Court rejects Glover's first assertion for several reasons.

As an initial matter, the Court concludes that Glover procedurally defaulted the claim that his guilty plea was not knowingly, intelligently, and voluntarily entered. Glover did not file a direct appeal in this case, and a petitioner is procedurally barred from raising claims in a motion under § 2255 that were not presented on direct appeal unless he demonstrates either cause for the default and actual prejudice or that he is actually innocent. *See Bousley*, 523 U.S. at 621; *Swain v. United States*, 155 Fed. Appx. 827, 830-31 (6th Cir. 2005). Here, Glover does not attempt, let alone succeed, in demonstrating cause and prejudice or that he was actually innocent.

Moreover, even if not procedurally defaulted, Glover's claim lacks merit. First, Glover has not met his burden of setting forth and articulating specific facts showing that he is entitled to relief under § 2255, because he has failed to provide any evidence other than a bare conclusory allegation that his plea was anything but knowingly, intelligently, and voluntarily entered. *See Cordell v. United States*, Nos. 4:00-CR-13-01 & 4:05-CV-47, 2008 U.S. Dist. LEXIS 81901, at *20-21 (E.D.

Tenn. Oct. 14, 2008) ("A § 2255 motion that merely asserts general conclusions of law without sufficient substantiating allegations of fact is without legal merit.").

In addition, Glover's claim of confusion is contradicted and refuted by the record, because the Court carefully complied with the procedure for taking guilty pleas under Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 "requires that before accepting a guilty plea, a court must inform the defendant of, and ensure the defendant understands, the nature of the charges against him, the mandatory minimum penalty, and the maximum possible penalty provided by law." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990). To accomplish this, Rule 11 "ensures a colloquy that 'exposes the defendant's state of mind in the record through personal interrogation.'" *Kay v. United States*, 806 F.2d 133, 136 (7th Cir. 1986). "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry," *Ramos v. Rogers*, 170 F.3d 560, 563 (6th Cir. 1999) (quoting *Baker*, 781 F.2d at 90), and the procedure creates a record that can be relied upon to insulate a guilty plea from being challenged by a defendant in any appeals and collateral attacks under § 2255, *see Cordell*, 2008 U.S. Dist. LEXIS 81901, at *21.

Here, as the transcript from the September 26, 2007 change of plea hearing reflects (Doc. 32), the Court followed the Rule 11 procedures and explained all implications of Glover's plea to him. At the hearing, the Court personally addressed Glover under oath, informing him of the charges against him and the penalties he faced:

> THE COURT: We have seven separate counts in this indictment. They all charge different instances of the same type of conduct, specifically, with knowingly and intentionally distributing a controlled substance, in violation of Title 21 of the Code, Section 841(a)(1). In each of these counts, the distribution charged is of crack cocaine. Do you understand that those are the crimes with which you are charged in this indictment and in each count of this indictment?

>THE DEFENDANT:  Yes, Your Honor.
>
>THE COURT:  Do you understand that each count carries with it a potential statutory penalty of up to ten years to life imprisonment, a four million dollar fine, and five years of supervised release?
>
>THE DEFENDANT:  Yes, Your Honor.

(*Id*. at 10:7-23.)  The Court then explained to Glover that he faced a mandatory minimum of five years of imprisonment because of the quantity of crack cocaine involved in the charges against him. (*Id.* at 10:24-11:14.)  The Court went on to outline Glover's constitutional rights (*see id.* at 13:2-15:19), explained to him the sentences that the Court would be advised to impose by the United States Sentencing Guidelines, and advised Glover that he was facing a substantial period of time in the custody of the Bureau of Prisons:

>THE COURT:  In any event, sir, what is important is that you understand that at a Criminal History Category III and sales of crack cocaine, you are looking at a substantial period of time in the custody of the Bureau of Prisons.  Do you understand that?
>
>THE DEFENDANT:  Yes, Your Honor.
>
>THE COURT:  While Mr. Billak [defense counsel] is attempting to retain some argument to try to reduce it from this high level, which at a 34/3 would be 188 to 235 months, which is a long period of time, those at this point are just potential arguments out there, and you need to understand that you could face the worst case scenario.  Do you understand that?
>
>THE DEFENDANT:  Yes, Your Honor.
>
>THE COURT:  And in fact, because of my discretion, the worst case scenario is that I could even choose to sentence you above whatever the Guidelines call for.  Do you understand that?
>
>THE DEFENDANT:  Yes, Your Honor.
>
>THE COURT:  And I would have that authority to do that.  Do you understand?
>
>THE DEFENDANT:  Yes, Your Honor.

> THE COURT: Now, while you could appeal to the Court of Appeals and try to explain to them that I did something wrong, made a mistake, didn't exercise my discretion properly, regardless of the sentence, you cannot withdraw your guilty plea and start over. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

(*Id.* at 21:14-22:18.)[5] In response to all of this, Glover confirmed that his decision to plead guilty was entirely voluntary and made with the full advice of counsel. (*Id.* at 22:19-23:10.) The Government then described the facts that it would prove at trial if the matter were to have gone to trial, and Glover affirmed that he engaged in the conduct described in the federal indictment. (*Id.* at 23:11-26:5.)

In sum, therefore, Glover's responses to the Court's inquiry demonstrate that he was well aware of the nature of the charges against him and the consequences of his pleas, and his first claim under § 2255 should be denied.

### 4. The Amount Of Crack Cocaine Attributable To Glover Was Properly Aggregated At Sentencing

Glover also asserts in his motion under § 2255 that the amount of crack cocaine attributable to him was improperly aggregated at sentencing. While not explicitly identifying the statutes, Glover contends that, because Count 2 was punishable pursuant to 21 U.S.C. § 841(b)(1)(C) and Counts 1 and 3-7 were punishable pursuant to 21 U.S.C. § 841(b)(1)(B), he entered two separate pleas and should have been given two separate sentences (running concurrently). Glover argued that by receiving two separate sentences "there would not have been any aggregating [of] the imposed sentence which gives the defendant an entirely long sentence as compared as to what he should have

---

[5] At the time of his pleas, because the crack cocaine guidelines reduction had not yet gone into effect, the Court explained to Glover that he could be facing a sentence under the then-current guidelines, a sentence that was necessarily higher than that ultimately imposed. (*See id.* at 16:4-17:12.)

received if sentenced separately for each plea and then sentence ran concurrent." (Doc. 29 at 7.)

Glover's claim, however, lacks merit and fails to warrant federal habeas corpus relief. First, at the sentencing hearing, despite Glover's assertions here, Glover and the Government agreed to a base offense level of 29 and a total adjusted offense level of 28 under the Sentencing Guidelines, which represented a lower offense level given the uncertainty with respect to the drug quantity involved. (Doc. 34 at 2:23-5:20.) Second, district courts are required to aggregate the amounts of drugs for which a defendant is responsible. Application Note 6 to Section 2D1.1 of the Sentencing Guidelines provides that "[w]here there are multiple transactions . . ., the quantities of drugs are to be added." *See also United States v. Long*, 83 Fed. Appx. 762 (6th Cir. 2003) (citing *United States v. Winston*, 37 F.3d 235, 241 n.10 (6th Cir. 1994)); U.S.S.G. § 3D1.2(d). Thus, the Court did not make an error at sentencing when aggregating the amount of drugs attributable to Glover in determining his offense level. And third, even if an error was made, Glover would not be entitled to relief, because "nonconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief" on collateral review under § 2255, *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1999) ("[W]hen a federal statute, but not the Constitution, is the basis for postconviction attack, collateral relief from a defaulted claim of error is appropriate only where there has been fundamental unfairness, or what amounts to a breakdown of the trial process."), and here, Glover's claim "falls far short of indicating a denial of due process," *id.* Glover's second claim under § 2255, therefore, should be denied.

\* \* \*

Accordingly, in light of the foregoing, Glover's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied with prejudice.

**B.     GLOVER'S MOTION TO RECEIVE JAIL CREDIT TIME**

In addition to his motion under 28 U.S.C. § 2255, Glover also filed a motion to receive credit for jail time served in state custody from his arrest on April 19, 2006 until he was placed into federal custody on February 4, 2007.  (Doc. 30.)  In support, Glover cites 18 U.S.C. § 1835 and U.S.S.G. § 5G1.3 and argues that he was officially in federal custody when he was arrested in April 2006, "but was loaned to the state until February 2007." (*Id.* at 1-2.)  Glover writes, "Granted, physically, the petitioner do[es] acknowledge that he was restricted by state authorities, but technically he was under the custodian jurisdiction, belonging to federal authorities." (*Id.* at 2.)  Glover therefore argues that he should be entitled to a 10-month reduction in his 97-month federal sentence.  (*Id.* at 2-4.)

Although not mentioned in the motion, Glover's claim is properly brought under 28 U.S.C. § 2241.  "Courts have uniformly held that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Watts v. Gunja*, No. 4:07-CV-3792, 2008 U.S. Dist. LEXIS 11215, at *3 (N.D. Ohio Feb. 14, 2008) (citing *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) and *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)); *see also Woody v. Marberry*, 178 Fed. Appx. 468, 471 (6th Cir. 2006) ("Woody's petition, in part, raises the issue of how his sentence is being executed.  Therefore, that part of his petition is proper under § 2241."); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant . . . is challenging the manner in which the sentence was being executed, rather than the validity of the sentence itself, Section 2255 does not apply. . . . [A]n attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition."); *Allen v. United States*, No. 09-CV-10434 & 02-CR-80870, 2009 U.S. Dist. LEXIS 11397, at *2 (E.D. Mich. Feb. 17, 2009) ("The exclusive remedy for

challenging the [Federal Bureau of Prisons'] calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241 naming the warden of the federal facility as the respondent.") (quoting *United States v. Smith*, 101 F. Supp. 2d 332, 338 (W.D. Pa. 2000)); *Eason v. United States*, No. 06-CV-2953 & 01-CR-731, 2006 U.S. Dist. LEXIS 88469, at *4 (E.D. Pa. Dec. 6, 2006) ("A petition contesting the calculation of credit for time served . . . is properly brought, not under § 2255, but rather under § 2241, as it does not attack the legality of the sentence itself, but merely its execution."). Thus, the Court will construe Glover's claim as one brought under 28 U.S.C. § 2241.

As is relevant here, under § 2241, it is well-established that federal prisoners are required to exhaust administrative remedies before filing their petition. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981); *see also Fazzini v. NEOCC*, 473 F.3d 229, 231, 233 (6th Cir. 2006); *cf. United States v. Jenkins*, 4 Fed. Appx. 241, 243 (6th Cir. 2001). Only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§ 542.10-16 may the prisoner then seek § 2241 judicial review. *United States v. Oglesby*, 52 Fed. Appx. 712, 714 (6th Cir. 2002) (citing *United States v. Wilson*, 503 U.S. 329 (1992)). This exhaustion of administrative remedies procedure required of a § 2241 petitioner is not a statutory requirement, but instead, is a wholly judicially created requirement. *See Wesley v. Lamanna*, 27 Fed. Appx. 438, 438-39 (6th Cir. 2001). As the Sixth Circuit has noted, however, "The Bureau of Prisons should be given the opportunity to consider the application of its policy to [the] petitioner's claim before the matter is litigated in the federal courts." *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001); *Taylor v. United States*, No. 95-5150, 1995 U.S. App. LEXIS 22546, at *7-8 (6th Cir. Aug. 4, 1995).

Here, there is no suggestion that Glover has pursued his claim administratively or attempted to exhaust his administrative remedies through the Bureau of Prisons. Further, Glover has not

argued that the prospect of exhaustion would be futile, or that the administrative remedies would have been unable to afford him the relief that he requests. *See Aron v. Lamanna*, 4 Fed. Appx. 232, 233 (6th Cir. 2001) (citing *McKart v. United States*, 395 U.S. 185, 200 (1969)).

Accordingly, Glover's motion to receive jail credit time is prematurely filed under 28 U.S.C. § 2241, and the Court denies his motion without prejudice for failure to exhaust administrative remedies.[6]

### III. CONCLUSION

For the foregoing reasons, Glover's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 29) is **DENIED WITH PREJUDICE**, and Glover's motion to receive jail credit time (Doc. 30) is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.  Glover's case, therefore, is **DISMISSED**.

Moreover, the Court will not issue a certificate of appealability in this case, because Glover has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Likewise, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

*/s/Kathleen M. O'Malley*
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: May 11, 2009**

---

[6] While the Court does not decide the issue now, it appears that Glover's view of his custody is inaccurate.  While it is true that he was arrested in April 2006 on these federal charges, he also was arrested pursuant to the state warrant issued in October of 2003.  That state arrest led to imposition of a state sentence soon after his arrest.  While this Court did grant Glover credit for all time served in federal custody, it did not order that his sentence be concurrent with any sentence imposed by virtue of his 2003 probation violation.